THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| EUGENE S., | ) | Case No. 1:09CV00101 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| | ) | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiff Eugene S. ("Plaintiff") has filed a Motion to Strike the Declaration of Mary Ann Q. Wood along with its attached exhibits, (Doc. #24), filed in support of Defendant Horizon Blue Cross Blue Shield of New Jersey's ("Horizon") Motion for Summary Judgement.

The underlying lawsuit involves a claim by Plaintiff, under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") for mental health benefits under a group health benefits plan insured and administered by Defendant. Exhibit A to the Wood Declaration is a Summary Plan Description of the relevant health benefits plan. Exhibit B to the Wood Declaration is a copy of relevant portions of the Vendor Services Agreement between Horizon and Magellan Behavioral Health of New Jersey, LLC ("Magellan"), whereby Horizon delegated to Magellan discretionary

authority to administer its Managed Mental Health Program. Exhibit C to the Wood Declaration is copy of the claim file.

In moving to strike, Plaintiff asserts that the Declaration and its exhibits "were not prepared prior to commencement of litigation, Exhibits A and C are duplicative of the Record filed by the Plaintiff and Exhibit B was submitted to the Plaintiff for the first time in connection with the parties' motions for summary judgment". Mem. Supp at 2.

## II. DISCUSSION

**A. Exhibit B.**

In its Motion for Summary Judgment Horizon has taken the position that review of its denial of Plaintiff's mental health benefits claim should be reviewed under an arbitrary and capricious standard. Plaintiff, on the other hand, urges that the Court should employ a *de novo* standard of review. Exhibit B, the Vendor Service Agreement, by which Defendant Horizon delegated to Magellan discretionary authority to administer its Managed Mental Health Program, is key to the parties dispute as to which standard of review this Court should apply.

Plaintiff contends that the Vendor Service Agreement was produced and disclosed to it for the first time when Horizon filed its Motion for Summary Judgment, and that because it should have been part of the materials disclosed under Fed. R. Civ. P. 26(a)(1), it now is too late for Horizon to use it to establish a

grant of discretionary authority to Magellan.  Horizon contends that it is unclear whether it was obligated to disclose the Vendor Service Agreement under Rule 26(a)(1)(B(I), which exempts from initial disclosure "actions for review on an administrative record"[1], and that in any event, the failure to timely disclose it was harmless as contemplated by Fed. R. Civ. P. 37(c)(1).

Although the issue of disclosure is open to question, even if the Court were to assume that Horizon should have disclosed the Vendor Services Agreement under Rule 26, the Court agrees with Horizon that its failure to timely disclose the document was

---

[1]For support of its position, Horizon cites the following:

> *See* Adv. Comm. Notes to Fed. R. Civ. P. 26, 2000 Amendments (stating that the objective of this subdivision is "to identify cases in which there is likely to be little or no discovery" and that "[t]he exclusion of an action for review on an administrative record ... is intended to reach a proceeding that is framed as an 'appeal' based solely on an administrative record.  The exclusion should not apply to a proceeding in a form that commonly permits admission of new evidence to supplement the record."); *see also Lee v. Sun Life Assur. Co. Of Canada*, 2010 WL 2231943, *5 (D. Or. April 1, 2010)("[I]n an ERISA case, the court only reviews the administrative record such that initial disclosures are not necessary."); *Grady v. Hartford Life & Accident Ins. Co.*, 2009 WL 700875, *1 (D. Me. Mar. 12, 2009)("Discovery is the exception, rather than the rule, in an appeal of a plan administrator's denial of ERISA benefits.").

Mem. Opp'n at 3-4.

harmless.[2] In determining this issue, the Court is instructed to consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony [or evidence] is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony [or evidence] would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999).

Assuming, without deciding, that Horizon was required to disclose the Vendor Services Agreement under Rule 26(a), the Court finds that its failure to do so was harmless. The Court agrees with Horizon's characterization of the relevant factors to be considered.

> Here, there is no evidence of bad faith or willfulness by Horizon, nor is there any evidence of real prejudice or surprise to Plaintiff because Plaintiff should have been aware of some agreement by which Horizon had delegated its discretionary authority to Magellan. Each benefits letter Plaintiff received contained an explanation that Magellan had been authorized by Horizon to administer the Managed Mental Health Program and also directed Plaintiff to the Plan's medical necessity definition, which by its terms would have also notified Plaintiff of the plan administrator's discretionary authority to interpret this term and determine eligibility for benefits. See HORIZ000004 (letter of Feb. 11, 2008); HORIZ000056 (letter of Sept. 9, 2007);

---

[2] The Court simply would note that because the policy in ERISA cases is generally to not expand the record beyond that which was available to the administrator, and because the Vendor Services Agreement was known and available to both Horizon and Magellan, a viable argument exists for concluding that the Vendor Services Agreement is not beyond the permissible scope of review.

4

> HORIZ000049 (letter of Feb. 16, 2007); HORIZ000044 (letter of Aug. 11, 2006).
>
> While Plaintiff may not have known the specific details of the Agreement between Horizon and Magellan, there was no need for him to have this information. And he certainly had the most important information - that Magellan was the one responsible for making the determination for his benefits claim and that Magellan's determination would be based on a discretionary interpretation of the Plan's medical necessity definition. Furthermore, Plaintiff never requested a copy of the Agreement in discovery or otherwise.
>
> There is also no evidence that admitting the Vendor Services Agreement would be disruptive in any way to the litigation process, or that even if there were some sort of prejudice, Plaintiff would not be able to cure that prejudice. This is especially true where, as here, the document at issue has been authenticated and was obviously created prior to appellate review, and where, as here, the document at issue is favorable to the party who committed the omission and not to the party moving to strike. ....
>
> The Vendor Services Agreement is relevant to the issue of whether the plan administrator operated under a conflict of interest-not the benefits determination itself-and Plaintiff can show no prejudice from allowing this Agreement to be attached as an Exhibit to Horizon's Motion for Summary Judgement. ....

Mem. Opp'n at 5-6. Even if Horizon were required, but failed, to timely disclose the Vendor Services Agreement to Plaintiff, Horizon's failure was harmless, and the document need not be excluded.

**B. Exhibits A and C.**

Regarding Exhibits A and C, Plaintiff's objection appears to be that Horizon is attempting to submit its own version of the Summary Plan Description and the claims file as part of a declaration provided at the time it filed its Motion for Summary

5

Judgment. Specifically, Plaintiff's position is that "the only Summary Plan Description that was provided during the Rule 26(a)(1) process was [the one] included in the Record by the Plaintiff", and "[t]here is nothing contained in Exhibit C to the Wood Declaration, what Horizon asserts is the claim file, that is not contained in the Plaintiff's pre-litigation appeal record" and therefore "Exhibit C to the Wood Declaration is completely unnecessary and redundant." Reply at 12-13.

Horizon asserts that Exhibits A and C were attached to its Motion for the ease of the Court and that the Summary Plan Description attached as Exhibit A, as Plaintiff acknowledges, is not identical to the one included in Plaintiff's pre-litigation appeal record. *See* Mem. Supp. at 5 n.1. Horizon also asserts that the claim file attached as Exhibit C is not identical to Plaintiff's pre-litigation record because Plaintiff's version includes additional documents that Horizon disputes it received during the appeals process.

In short, the Court is not persuaded by Plaintiff's position and generally agrees with Horizon that it "is entitled to argue that the SPD and the Claim file attached to Ms. Wood's Declaration are the accurate and relevant documents here". Mem. Opp'n at 7.

### III. CONCLUSION

For the reasons stated as well as generally for those reasons set forth by Defendant in its opposing memorandum, Plaintiff's

Motion to Strike Declaration of Mary Anne Q. Wood and Exhibits Attached Thereto (Doc. #24), is denied.

IT IS SO ORDERED.

DATED this 22nd day of December, 2010.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT